IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACEY JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:16-160 |
| | ) | Chief Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | |
| DR. DANCHA *Medical Director* and MS. SCHROCK, *RNS*, | ) | Re: ECF Nos. 14 and 36 |
| | ) | |
| Defendants. | ) | |

**OPINION**

Plaintiff Tracey Jenkins ("Plaintiff"), an inmate at the State Correctional Institution at Laurel Highlands, has presented a civil rights complaint which he has been granted leave to prosecute without prepayment of costs. Presently before this Court are two Motions to Dismiss: one filed by Defendant Ms. Schrock, RNS ("Ms. Schrock"), ECF No. 14; and one filed by Defendant Dr. Dancha, Medical Director ("Dr. Dancha"), ECF No. 36. For the following reasons, Dr. Dancha's Motion to Dismiss, ECF No. 36, will be granted and Ms. Schrock's Motion to Dismiss, ECF No. 14, will be granted.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff commenced this litigation on July 8, 2016, by filing a Motion for Leave to Proceed In Forma Pauperis. ECF No. 1. Following the grant of the Motion for Leave to Proceed In Forma Pauperis, Plaintiff's Complaint was filed on September 13, 2016. ECF No. 7. Therein, he made allegations concerning Defendants' medical treatment of Plaintiff's thyroid condition from the period of April, 2015 to April, 2016. Id. at 3-4.

On November 21, 2016, Ms. Schrock filed her Motion to Dismiss and a Brief in Support. ECF Nos. 14-15. Also on November 21, 2016, this Court entered a Scheduling Order directing Plaintiff to file a Response to the Motion to Dismiss by December 13, 2016. ECF No. 16. On January 6, 2017, this Court entered an Order to Show Cause why this action should not be dismissed as to Ms. Schrock due to Plaintiff's failure to file a Response to the Motion to Dismiss. ECF No. 33. On January 20, 2017, Plaintiff filed a Response to the Motion to Dismiss. ECF No. 35.

On January 23, 2017, Dr. Dancha filed his Motion to Dismiss and a Brief in Support. ECF Nos. 36-37. On January 24, 2017, this Court entered a Scheduling Order directing Plaintiff to file a Response to the Motion to Dismiss by February 14, 2017. ECF No. 39. On March 21, 2017, Plaintiff filed his Response to the Motion to Dismiss. ECF No. 45.

On April 7, 2017, Plaintiff filed a Supplemental Complaint. ECF No. 47. On April 10, 2017, after review of the Supplemental Complaint and in light of the pending Motions to Dismiss, this Court entered an Order directing Plaintiff to notify the Court by April 21, 2017, as whether he sought to file an amended complaint raising all claims. Id. The Order further directed that if Plaintiff wished to file an amended complaint, it was due by May 10, 2017. Id. The Order finally directed that if no amended complaint was filed, the Court would proceed to rule on the Motions to Dismiss. Id. On April 20, 2017, Plaintiff filed a Notice to the Court indicating that it "is and was" his intention to file a "Supplemental Amendment Complaint" and that he sought to file an amended complaint raising all claims. ECF No. 49. However, Plaintiff did not file an Amended Complaint by May 10, 2017, as ordered.

The Motions to Dismiss are now ripe for review.

## II. STANDARD OF REVIEW

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570. In assessing the merits of a claim subject to a motion to dismiss, a court must accept all alleged facts as true and draw all inferences gleaned therefrom in the light most favorable to the non-moving party. Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) (citing Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2003)). A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (quoting Graff v. Subbiah Cardiology Associates, Ltd., 2008 WL 2312671 (W.D. Pa. June 4, 2008)).

The scope of review may extend to "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994). Further, where an issue concerning the exhaustion requirements of the Prison Litigation Reform Act of 1995 which turns on the indisputably authentic documents related to the plaintiff's grievances arises in a motion to dismiss, the Court may consider these documents without converting the motion to dismiss into a motion for summary judgment. Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004)(citations omitted).

## III. DISCUSSION

### A. Dr. Dancha's Motion to Dismiss

In support of his Motion to Dismiss, Dr. Dancha first raises Plaintiff's failure to exhaust his administrative remedies before filing this lawsuit. ECF No. 37 at 3-9. Dr. Dancha cites the Prison Litigation Reform Act of 1995 ("PLRA") at 42 U.S.C. § 1997e(a), which provides that "[n]o action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

As this Court has recently explained:

> The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002); Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144, 112 S. Ct. 1081, 117 L. Ed. 2d 291 (1992). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodrequez, 113 F.3d 1246 (Table), 1997 U.S. App. LEXIS 10564, 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997). The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion").
>
> The PLRA also requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules of that grievance system. Woodford v. Ngo, 548 U.S. 81, 87-91, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id. at 83; see also Spruill v. Gillis, 372 F.3d 218, 228-29 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion) ("Based on our earlier discussion of the PLRA's legislative history, [...]

> Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits.").

Calipo v. Erie Cnty. Prison, Civ. A. No. 16-198, 2017 U.S. Dist. LEXIS 54218, at *8-9 (W.D. Pa. April 10, 2017)(footnotes omitted).

The Inmate Grievance System Procedures Manual of the Department of Corrections outlines the relevant grievance procedure. ECF No. 37-1. An inmate must initially submit a grievance to the Facility Grievance Coordinator/designee. Id. at 5. An inmate may appeal the initial review response/rejection to the Facility Manager. Id. at 15. An inmate who is dissatisfied with the disposition of the appeal from the Facility Manager may submit an Inmate Appeal to Final Review to the Chief, Secretary's Office of Inmate Grievances and Appeals. Id. at 18, 20.

According to the grievance documents submitted by Dr. Dancha,[1] the contents and dates of which are corroborated by Plaintiff in his Response to Dr. Dancha's Motion to Dismiss,[2] Plaintiff submitted his initial grievance (No. 627748) about the treatment of his thyroid condition on May 30, 2016. ECF No. 37-2 at 9; ECF No. 45 at 6. Plaintiff appealed the denial of that grievance to the Facility Manager on June 9, 2016. ECF No. 37-2 at 12; ECF No. 45 at 6. After that appeal was unsuccessful, Plaintiff filed an Inmate Appeal to Final Review on June 29, 2016. ECF No. 37-2 at 6; ECF No. 45 at 4. The Final Appeal Decision, which upheld the earlier denials of the grievance, was issued on November 16, 2016. ECF No. 37-2 at 1; ECF No. 45 at 6.

---

[1] As set forth above, these documents are properly considered in this case. See Spruill, 372 F.3d at 223.
[2] In opposition to Dr. Dancha's Motion to Dismiss, Plaintiff asserts that this case should not be dismissed because he, in fact, exhausted his administrative remedies. ECF No. 45 at 6. Plaintiff does not appear to appreciate the necessity for him to have exhausted these remedies *prior* to filing his lawsuit.

As set forth above, Plaintiff commenced this litigation on July 8, 2016, more than five months before his administrative remedies were exhausted by the Final Appeal Decision on November 16, 2016. Accordingly, Dr. Dancha's Motion to Dismiss is granted on this basis. It would be futile to permit amendment to the Complaint because this defect cannot be cured in this case. To be clear, however, the dismissal of Plaintiff's Complaint is without prejudice to his ability to file another Complaint now that his administrative remedies have been exhausted.

### B. Ms. Schrock's Motion to Dismiss

Although Ms. Schrock does not raise Plaintiff's failure to exhaust his administrative remedies in support of her Motion to Dismiss, in light of the futility of continuing litigation of a case that this Court has determined it is barred from hearing, and pursuant to the screening provisions of the PLRA[3] and/or this Court's inherent power to control its own dockets,[4] Plaintiff's Complaint will also be dismissed against Ms. Schrock due to Plaintiff's failure to exhaust. This dismissal is also without prejudice to Plaintiff's ability to file another Complaint now that his administrative remedies have been exhausted. Accordingly, Ms. Schrock's Motion to Dismiss will be granted.

## IV. CONCLUSION

For the foregoing reasons, the Motion to Dismiss filed by Dr. Dancha will be granted. The Motion to Dismiss filed by Ms. Schrock will also be granted. An appropriate Order follows.

---

[3] Because Petitioner is a prisoner who has been granted IFP status and/or because Plaintiff sues government employees, the screening provisions of the PLRA apply. See 28 U.S.C. § 1915(e) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that — (A) the allegation of poverty is untrue; or (B) the action or appeal — (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."); 28 U.S.C. § 1915A ("[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.").

[4] See e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 46-47 (1991)(court's inherent power is not displaced by statutes); Stafford v. United States, 208 F.3d 1177, 1179 (10th Cir. 2000) ("we should impose the following filing restrictions using our inherent power to regulate federal dockets, promote judicial efficiency, and deter frivolous filings").

# **ORDER**

AND NOW, this 24th day of May, 2017, IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendant Dr. Dancha, Medical Director, ECF No. 36 is GRANTED.

IT IS FURTHER ORDERED the Motion to Dismiss Defendant Ms. Schrock, RNS, ECF No. 14 is GRANTED.

The Clerk is directed to mark this case CLOSED.

By the Court:

/s/ Maureen P. Kelly
Chief United States Magistrate Judge

cc: TRACEY JENKINS
LT-3683
SCI Laurel Highlands
5706 Glades Pike
Somerset, PA 15501-0631

All counsel of record via CM/ECF